IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'SHAUN JAMAR BUTLER,

        Plaintiff,

v.                                          CASE NO. 17-3138-SAC

(FNU) SCHNURR, et al.,

        Defendants.

### NOTICE AND ORDER TO SHOW CAUSE

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner confined at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff proceeds pro se and in forma pauperis in this matter.[1] As defendants, plaintiff names the Kansas Department of Corrections; Corizon Health; several employees of Hutchinson Correctional Facility: (fnu) Schnurr, (fnu) Swenson, (fnu) Vanhoose, (fnu) Nicholes, J. Bell, and (fnu) Carpenter; and Corizon employee (fnu) Keolavone. Plaintiff alleges Eighth Amendment claims of deliberate indifference and cruel and unusual punishment. Specifically, he alleges that on April 20, 2017, he was physically assaulted by another prisoner at the direction of defendants Nicholes, Bell, and VanHoose in retaliation for refusing to sign off on two grievances. He alleges that on or about June 6, 2017, he was again physically assaulted by another prisoner at the direction of defendants Carpenter, Nicholas, Bell, and Vanhoose in retaliation for filing grievances. Plaintiff further alleges that on June 11, 2017, defendant Swanson sexually assaulted plaintiff by grabbed plaintiff's testicles while threatening plaintiff with pepper spray. Plaintiff also alleges violations of the First Amendment by defendant Keolavone, who he claims interfered with his attempts to pursue administrative remedies by failing to forward his written grievance about the April assault to prison officials. Finally, plaintiff conclusorily alleges that defendant Corizon Health provided him with

---

[1] On September 13, 2017, the court granted plaintiff's motion for leave to proceed in forma pauperis and allowed plaintiff to proceed without paying an initial partial filing fee because plaintiff's trust account contained insufficient funds with which to do so. (Doc. #9). Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee in this action.

1

inadequate medical treatment. He seeks an immediate transfer to another facility; $150,000 in compensatory damages; and $150,000 in punitive damages.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds that plaintiff's claim against defendant Corizon Health is subject to dismissal. Plaintiff's conclusory allegations that Corizon Health provided him with inadequate medical treatment do not support a deliberate indifference claim. The provision of ineffective or negligent medical care does not amount to a constitutional violation. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). Accordingly, plaintiff's conclusory allegation that Corizon provided plaintiff with inadequate medical treatment does not state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until December 17, 2017, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's claim against defendant Corizon Health should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until December 17, 2017, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send forms and instructions to plaintiff and to send a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2017, at Topeka, Kansas.

**s/Sam A. Crow**

**U. S. Senior District Judge**