IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'SHAUN JAMAR BUTLER,

        **Plaintiff,**

    v.                                                                    **CASE NO. 17-3138-SAC**

(FNU) SCHNURR, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

This civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by a prisoner confined at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff proceeds pro se and in forma pauperis in this matter, which is before the court on plaintiff's motions seeking a restraining order and immediate transfer (Docs. 4 & 10). In his motions, plaintiff seeks a restraining order immediately transferring him from Hutchinson Correctional Facility. In the first motion, plaintiff conclusorily alleges that he is "continually" being harassed, threatened, and subjected to cruel and unusual punishment; that he was told if he filed a lawsuit he would be retaliated against and killed; and that he knows defendants will retaliate against him (Doc. 4). In the second motion, plaintiff alleges that (1) unidentified staff members threaten and harass him daily and have threatened to have him hung in his cell; (2) Captain Tiggins (who is not a named defendant) assaulted him with a Taser; (3) he is being housed in a cell covered by a fiberglass cage and without a working toilet, (4) he is being subjected to psychological torture; and (5) Master Sergeant Cullins (who is not a named defendant) has threatened to have him killed (Doc. 10).

It is well-settled that to obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010). The movant must also show a relationship between the injury claimed in his motion and the conduct alleged in the complaint. *Id.* Finally, a mandatory preliminary injunction such as the one plaintiff seeks, which

requires the non-moving party to take affirmative action, is disfavored as an "extraordinary remedy". *Id.* Plaintiff must therefore make a heightened showing of the four factors. *Id.*

After reviewing plaintiff's motions and complaint, the court finds that plaintiff fails to satisfy these requirements, and finds persuasive the reasoning in *Escobar v. Jones*, 2011 WL 1642429 (D. Colo. Jan. 10, 2011). In *Escobar*, the plaintiff prisoner alleged threatened physical injury by other inmates and defendants and sought transfer to another prison facility. In denying plaintiff's motion for injunctive relief, the court found that conclusory allegations of verbal harassment and threats of physical injury, without evidentiary support, do not establish a risk of irreparable harm. *Id.* at *3. Similarly, Mr. Butler complains that he has been verbally harassed and threatened with physical injury, but the court cannot conclude, based upon these allegations, that such threats credibly demonstrate a risk of harm that is "certain, great, actual, and not theoretical." *Id*. (quoting *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003). The court further finds plaintiff's bare allegations about the Taser and the conditions of his cell insufficient to show a risk of future irreparable harm. Accordingly, plaintiff has not met his burden and the court therefore denies plaintiff's motions.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motions for restraining order and immediate transfer (Docs. 4 and 10) are denied.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2017, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**