IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'SHAUN JAMAR BUTLER,

    Plaintiff,

    v.      CASE NO. 17-3138-SAC

(FNU) SCHNURR, ET AL.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. §1983 by a prisoner confined at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff proceeds pro se and in forma pauperis in this matter.[1] As defendants, plaintiff names the Kansas Department of Corrections; Corizon Health; several employees of Hutchinson Correctional Facility: (fnu) Schnurr, (fnu) Swenson, (fnu) Vanhoose, (fnu) Nicholes, J. Bell, and (fnu) Carpenter; and Corizon employee (fnu) Keolavone. Plaintiff alleges Eighth Amendment claims of deliberate indifference and cruel and unusual punishment. Specifically, he alleges that on April 20, 2017, he was physically assaulted by another prisoner at the direction of defendants Nicholes, Bell, and VanHoose in retaliation for refusing to sign off on two grievances. He alleges that on or about June 6, 2017, he was again physically assaulted by another prisoner at the direction of defendants Carpenter, Nicholas, Bell, and Vanhoose in retaliation for filing grievances. Plaintiff further alleges that on June 11, 2017, defendant Swanson sexually assaulted plaintiff by grabbed plaintiff's testicles while threatening plaintiff with pepper spray. Plaintiff

---

[1] On September 13, 2017, the court granted plaintiff's motion for leave to proceed in forma pauperis and allowed plaintiff to proceed without paying an initial partial filing fee because plaintiff's trust account contained insufficient funds within which to do so. (Doc. #9). Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee in this action.

also alleges violations of the First Amendment by defendant Keolavone, who he claims interfered with his attempts to pursue administrative remedies by failing to forward his written grievance about the April assault to prison officials. Finally, plaintiff conclusorily alleges that defendant Corizon Health provided him with inadequate medical treatment. He seeks an immediate transfer to another facility; $150,000 in compensatory damages; and $150,000 in punitive damages.

On November 17, 2017, the court entered an order directing plaintiff to show cause by December 17, 2017, why plaintiff's claim against Corizon Health should not be dismissed for failure to state a claim upon which relief can be granted. The deadline for plaintiff to show cause has expired, and he has submitted no response to the court's order. The court therefore finds that the claim against Corizon Health should be dismissed for failure to state a claim upon which relief can be granted. The court further finds that the Kansas Department of Corrections should be dismissed because prison and jail facilities are not "persons" subject to suit for money damages under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983).

The court finds that proper processing of plaintiff's remaining claims cannot be achieved without additional information from appropriate officials of the Hutchinson Correctional Facility. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED BY THE COURT:**

(1)   Corizon Health and the Kansas Department of Corrections are hereby dismissed from this matter.

(2)   The clerk of the court shall prepare waiver of service forms for the remaining defendants

pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. Answers or responses to the complaint, including the report required herein, shall be filed no later than February 17, 2017.

(3) Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the complaint:

      a. To ascertain the facts and circumstances;

      b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

      c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(5) Authorization is granted to the officials of the Hutchinson Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(6) No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report ordered herein. This

action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

Copies of this order shall be transmitted to the parties, the Finance Office of the facility where plaintiff is incarcerated, and the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 19th day of December, 2017, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**